IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RAYMOND SCHEELER,<br><br>               Plaintiff,<br><br>v.<br><br>BOONE COUNTY SHERIFF'S OFFICE,<br><br>               Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Raymond Scheeler, by and through undersigned counsel, for his complaint against Defendant Boone County Sheriff's Office ("Sheriff's Office"), and states to the Court as follows:

1. Mr. Scheeler was employed by the Sheriff's Office for approximately thirteen years in total, holding positions as a road enforcement deputy and most recently as a detention officer. He was well-qualified for the work and received positive employee evaluations and feedback.

2. Prior to his work with the Sheriff's Office, Mr. Scheeler was a full-time member of the military. In connection with his service, Mr. Scheeler had been diagnosed with a disability in 2011 that continued throughout his tenure with the Sheriff's Office.

3. Mr. Scheeler competently performed the essential functions of his job for years and had no reason to disclose his disability to the Sheriff's Office.

4. On or about September 25, 2024, Mr. Scheeler suffered a panic attack while at work. This incident occurred in a controlled environment, and the safety of the facility was not compromised. This was the first of any such incident related to Mr. Scheeler's disability that occurred at work throughout the entirety of Mr. Scheeler's tenure with the Sheriff's Office.

5. After the Sheriff's Office learned of Mr. Scheeler's disability diagnosis and Mr. Scheeler's request for leave under the Family and Medical Leave Act ("FMLA"), however, the Sheriff's Office terminated his employment on or about October 16, 2024.

6. The reason the Sheriff's Office took its actions against Mr. Scheeler was that Mr. Scheeler disclosed his diagnosis and he requested and used FMLA leave.

7. Consequently, the Sheriff's Office violated the Americans with Disabilities Act of 1990 as Amended ("ADA") and the FMLA and is liable to Mr. Scheeler as a result.

## PARTIES

8. Mr. Scheeler is, and was during his employment with the Sheriff's Office, a resident of Boone County, Missouri.

9. Mr. Scheeler is a qualified individual under the ADA and an eligible employee under the FMLA.

10. Mr. Scheeler performed—as he had for many years—the essential functions of his job and could perform those essential functions with or without reasonable accommodation.

11. Mr. Scheeler is disabled, has a record of having a disability, and was regarded as having a disability by the Sheriff's Office.

12. The Sheriff's Office is a covered entity under the ADA and an employer under the FMLA. It has the power to be sued.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

14. This Court has personal jurisdiction.

15. Venue is proper in this division pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

16. Mr. Scheeler incorporates by reference the allegations stated in paragraphs 1-12 as if fully stated herein.

17. After the incident that occurred on about September 25, 2024, Mr. Scheeler told his supervisor he needed to leave work.

18. Subsequently, Mr. Scheeler requested—and the Sheriff's Office approved, following Mr. Scheeler's submission of medical documentation—leave under the FMLA.

19. Mr. Scheeler started a course of treatment related to his disability around the same time as his request for leave.

3

20. Mr. Scheeler also requested reasonable accommodations from the Sheriff's Office related to his disability.

21. Mr. Scheeler's doctor cleared him to return to work effective October 8, 2024.

22. But instead of approving his request for reasonable accommodations, once the Sheriff's Office learned of Mr. Scheeler's diagnosis and use of leave, it terminated his employment on or about October 16, 2024.

23. The Sheriff's Office offered Mr. Scheeler a choice to accept a demotion and pay decrease or be terminated, but Mr. Scheeler refused to accept the demotion and pay decrease.

24. The Sherrif's Office could have—but did not—accept Mr. Scheeler's request for reasonable accommodations related to his job duties. There were many duties to which he could have been assigned at his then rank and rate of pay that would have been appropriate given his requests, but the Sheriff's Office refused.

25. The Sheriff's Office's termination occurred while Mr. Scheeler was using FMLA leave.

26. The reason for Mr. Scheeler's termination was that he disclosed his diagnosis to the Sheriff's Office and that he used FMLA leave.

27. Mr. Scheeler suffered damages attributable to the Sheriff's Office's actions, including economic and non-economic damages, including without limitation lost wages and benefits, humiliation and loss of enjoyment in life.

4

28. Mr. Scheeler filed a charge of discrimination with the EEOC, Charge No. 560-2025-00648 in November 2024, and the EEOC issued a notice of right to sue on December 12, 2024 (attached as Exhibit 1).

## COUNT I – ADA DISABILITY DISCRIMINATION

29. Mr. Scheeler incorporates by reference the above allegations and realleges them as if fully stated herein.

30. Mr. Scheeler is disabled under the ADA.

31. Mr. Scheeler was qualified to perform the essential functions of his job at the Sheriff's Office.

32. Mr. Scheeler suffered an adverse employment action because of his disability.

33. Mr. Scheeler suffered damages as a result.

## COUNT II – ADA RETALIATION

34. Mr. Scheeler incorporates by reference the above allegations and realleges them as if fully stated herein.

35. Mr. Scheeler engaged in protected activity under the ADA.

36. Mr. Scheeler suffered an adverse employment action.

37. There is a causal connection between Mr. Scheeler's engaging in protected activity under the ADA and the adverse employment action he suffered.

38. Mr. Scheeler suffered damages as a result.

## COUNT III – FMLA INTERFERENCE

39. Mr. Scheeler incorporates by reference the above allegations and realleges them as if fully stated herein.

40. Mr. Scheeler was entitled to take FMLA leave.

41. The Sheriff's Office took an adverse action that interfered with Mr. Scheeler's right to take FMLA leave.

42. The Sherrif's Office's action was related to the exercise or attempted exercise of Mr. Scheeler's FMLA rights.

43. Mr. Scheeler suffered damages as a result.

## COUNT IV – FMLA RETALIATION

44. Mr. Scheeler incorporates by reference the above allegations and realleges them as if fully stated herein.

45. Mr. Scheeler engaged in protected activity under the FMLA.

46. Mr. Scheeler was subject to an adverse employment action.

47. A causal connection exists between Mr. Scheeler's engaging in protected activity and the adverse action taken by the Sheriff's Office.

48. Mr. Scheeler suffered damages as a result.

WHEREFORE, Mr. Scheeler demands judgment against the Sheriff's Office and prays the Court enter judgment for damages against it in an amount that will fairly and justly compensate him; award punitive damages, costs, attorney's fees, and pre- and post-judgment interest as allowed by law; issue such injunctive orders necessary

to prevent conduct of the type complained of herein from occurring in the future; and order such other relief as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Mr. Scheeler hereby demands a jury trial on all issues so triable.

Dated: February 11, 2025

Respectfully submitted,

MEYER MOODY LLC

/s/Anthony J. Meyer
Anthony J. Meyer, MO Bar # 71238
103 Ripley Street
Columbia, MO 65201
Telephone: (573) 860-0342
Email: tony@meyermoodyllc.com

AND

Brian D. Moody, MO Bar # 71083
1909 E Bennett St., Suite 113
Springfield, MO 65804
Telephone: (417) 496-4299
Email: brian@meyermoodyllc.com
ATTORNEYS FOR PLAINTIFF

8